IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01492-PAB-MJW

ROY W. OGBORN,

    Plaintiff,

v.

MWH GLOBAL INC., a Delaware Corporation,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on plaintiff's objections [Docket Nos. 80, 82] to the order of United States Magistrate Judge Michael J. Watanabe [Docket No. 73] granting defendant's motion to reopen plaintiff's deposition [Docket Nos. 42, 44].[1]

    Federal Rule of Civil Procedure 30(d)(1) provides that,

> [u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

"The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ P. 30, advisory cmt. notes (2000 Amendment). Magistrate Judge Watanabe found that defendant had shown good cause to reopen plaintiff's deposition because plaintiff "failed

---

[1] Plaintiff's objections, Magistrate Judge Watanabe's order, and the underlying motion are all filed under seal because they contain confidential information. *See* Docket No. 55 at 2, n.1. There is no need to include that information here. The Court is therefore docketing this order publicly.

to produce relevant documents in discovery," "attempted to conceal relevant material evidence," and "provided evasive responses to questions asked of him during his deposition." Docket No. 73 at 4, ¶ 11.

Plaintiff filed timely objections to this order. Therefore, the Court reviews the order to determine whether it is "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Plaintiff has failed to persuasively demonstrate that Magistrate Judge Watanabe's factual findings were clearly erroneous. Instead, plaintiff asks the Court to adopt his interpretation of the relevant conduct, but fails to explain why his view is the only reasonable one. "The fact that the court might have decided the issues differently does not establish clear error." *Estate of Rice ex rel. Garber v. City & County of Denver*, No. 07-cv-01571-MSK-BNB, 2008 WL 2781083, at *1 (D. Colo. July 16, 2008). Therefore, the Court will not reverse the conclusion that good cause exists to reopen the deposition.

With that said, the true focus of plaintiff's objections is his argument that the additional six hours requested by defendant and afforded by Magistrate Judge Watanabe is unreasonable. Despite arguing that plaintiff will not need so much time to complete the deposition, plaintiff fails to suggest precisely how much time would be appropriate in light of Magistrate Judge Watanabe's factual findings. In the absence of a supported proposal by plaintiff, the Court will not set an arbitrary length for the

reopened deposition.

Furthermore, it is far from clear what the actual length of the reopened deposition will be. Plaintiff suggests that the reopened deposition should take some indeterminate time shorter than six hours. It very well may. Defendant is under a standing obligation not to needlessly prolong the deposition simply because it has been afforded six additional hours. If plaintiff believes defendant is acting in bad faith during the remainder of the deposition, Rule 30 affords him a remedy. *See* Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.").

For the foregoing reasons, it is

**ORDERED** that plaintiff's objections [Docket Nos. 80, 82] are overruled. The parties are to meet and confer within five days of the date of this Order to reset plaintiff's deposition to a date and time certain.

DATED June 27, 2011.

BY THE COURT:

 s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge